UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TECHNOLOGY INSURANCE COMPANY, a New Hampshire Corporation, | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3476-B |
| | § | |
| BEN E. KEITH COMPANY and KEITH PHILLIPS, Individually, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Transfer Venue (doc. 29), filed by Defendants Ben E. Keith Company and Keith Phillips on June 8, 2015. For the reasons that follow, the Defendants' Motion is **GRANTED**, and this case is hereby **TRANSFERRED** to the United States District Court for the Western District of Oklahoma.

## I.

## BACKGROUND

*A.   Factual Background*

This lawsuit arises from an accident that occurred between two trucks near Miami, Oklahoma. Doc. 1, Compl. ¶¶ 8–15. On September 14, 2013, Defendant Keith Phillips, employee of Defendant Ben E. Keith Company ("BEK") and driver of a semi-truck and trailer owned by BEK, lost control of his vehicle and crashed, blocking all lanes of the highway. *Id.* Zbigniew Lasek, the driver of a semi-truck and trailer on behalf of J.F. Freight Company, was unable to avoid colliding with the BEK vehicle and sustained serious injuries as a result of the accident. *Id.*

There are three relevant lawsuits that involve the underlying incident. On September 12, 2014, Maria Lasek, individually and as guardian and conservator of driver Zbigniew Lasek, filed a suit for negligence against BEK, Keith Phillips, and The Travelers Companies, Inc. (BEK's insurer) in an Oklahoma state court in Oklahoma City, Oklahoma. Doc. 29, Defs.' Mot. to Transfer Venue ("Defs.' Mot.") 2. The lawsuit was subsequently removed to the Western District of Oklahoma, where it is now pending as *Lasek v. Ben E. Keith Co., et. al.* (the "Lasek Lawsuit"). *Id.*; *see Lasek v. Ben E. Keith Co., et. al.*, 5:14-01321-HE (W.D. Okla. removed Nov. 26, 2014).

Plaintiff Technology Insurance Company ("TIC") then filed the present action on September 26, 2014 against Defendants BEK and Keith Phillips (the "TIC Lawsuit"). *Id.* In this lawsuit, Plaintiff alleges that, as the worker's compensation carrier for J.F. Freight, it has a worker's compensation lien for benefits paid on behalf of Zbigniew Lasek and therefore seeks reimbursement from BEK and Keith Phillips by asserting negligence claims against them. Compl. ¶¶ 21–44. Therefore, like the Lasek Lawsuit, the TIC Lawsuit turns on the alleged negligence of BEK and Keith Phillips.

The third lawsuit relevant to the present action was filed on November 17, 2014 in the Northern District of Oklahoma. In this lawsuit, J.F. Freight, the owner of the truck driven by Zbigniew Lasek, sued BEK for property damage to its truck and cargo (the "J.F. Freight Lawsuit"). Defs.' Mot. 2–3; *see J.F. Freight v. Ben E. Keith Co.*, 4:14-CV-00687-CVE-PJC (N.D. Okla. filed Nov. 17, 2014).

B.   *Procedural Background*

In a status report to the Court, the parties announced their disagreement over the current venue of the litigation. Doc. 26, Joint Status Report. Accordingly, the Court ordered the parties to submit briefing on Defendants' objections to the venue. Doc. 28. Pursuant to this Order, Defendants

filed the present Motion to Transfer Venue (doc. 29) on June 8, 2015. Plaintiff submitted its Response (doc. 30) on June 29, 2015, and Defendants filed their Reply (doc. 31) on July 13, 2015. As such, the Motion is ripe for the Court's review.[1]

## II.

## LEGAL STANDARD

*A.     Venue*

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Rule 12(b)(3) permits a party to move to dismiss a case for "improper" venue. Fed. R. Civ. P. 12(b)(3). "These provisions therefore authorize dismissal only where venue is 'wrong' or 'improper' in the forum in which it was brought." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013).

Whether venue is "wrong" or "improper" is generally governed by 28 U.S.C. § 1391, which provides:

> [a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Prior to Defendants' filing of the present Motion to Transfer Venue, Defendant Keith Phillips filed a Motion to Dismiss for Lack of Personal Jurisdiction (doc. 16), which is currently pending before the Court. Because the Court ultimately concludes that this case must be transferred to the Western District of Oklahoma, the Motion to Dismiss for Lack of Personal Jurisdiction is deemed moot.

28 U.S.C. § 1391(b). In *Atlantic Marine Construction*, the Supreme Court laid out the proper procedure for evaluating a challenge to venue. According to the Court,

> [w]hen venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a). Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories listed in § 1391(b). As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3).

134 S. Ct. at 577.

B.  *The First to File Rule*

The Fifth Circuit adheres to the "first to file" rule, which provides that when related cases are pending in two district courts, the court with the later-filed action can refuse to hear the case if the issues raised by both cases "substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The first to file rule is a discretionary doctrine, the application of which is reviewed for abuse of discretion. *Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). When deciding whether the issues raised in the two cases substantially overlap, the Fifth Circuit has looked to whether "the core issue was the same" or "if much of the proof adduced would likely be identical." *Id.* The cases in each district "should be more than merely related." *Buckalew v. Celanese, Ltd.*, No. Civ.A. G-05-315, 2005 WL 2266619, at *2 (S.D. Tex. Sept. 16, 2005). However, substantial overlap between cases does not require that the parties and issues be identical. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). The two actions only need "involve closely related questions or common subject matter." *Rooster Prods. Int'l, Inc. v. Custom Leathercraft Mfg. Co.*, No. SA: 04-CA-864-XR, 2005 WL 357657, at *2 (W.D. Tex. Feb. 1, 2005); *see also W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721 728–29 (5th Cir. 1985).

Corresponding "threshold issues" are sufficient to raise the possibility of substantial overlap. *See Am. Home Mortg. Servicing, Inc. v. Triad Guar. Ins. Corp.*, 714 F. Supp. 2d 648, 650–51 (N.D. Tex. 2010).

The principles of comity and sound judicial administration underlie the first to file rule, the aim of which is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Save Power*, 121 F.3d at 950 (quoting *W. Gulf Mar. Ass'n*, 751 F.2d at 729). If the court in the later-filed action finds that the issues involved are likely to substantially overlap, it is up to the first-filed court to resolve the question of whether both cases should proceed. *Mann Mfg., Inc. v. Hortex, Inc.* 439 F.2d 403, 408 (5th Cir. 1971); *Cadle Co*, 174 F.3d at 606 ("the 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated"). Once housed in the first-filed court, the court is "entitled to determine which forum should hear [the] dispute;" the court may subsequently transfer the suit. *Wells Fargo Bank, N.A. v. W. Coast Life Ins. Co.*, 631 F. Supp. 2d 844, 847 (N.D. Tex. 2009); *Hortex*, 439 F.2d at 407 ("[a]bsent compelling circumstances, the court that initially obtains the controversy should be the one to decide whether it will try it.").

### III.

### ANALYSIS

In support of its Motion to Transfer Venue, Defendants argue that the present suit must be transferred to the Western District of Oklahoma, where the first-filed Lasek Lawsuit is currently pending. Defs.' Mot. 1. Specifically, Defendants contend that (1) venue is improper in this district; (2) the first to file rule applies to the present suit; and (3) transfer is appropriate pursuant to 28

U.S.C. § 1404(a). *Id.* In its Response, Plaintiff agrees to the transfer from this district, but it insists that the case must be transferred to the Northern District of Oklahoma, where the most recently filed J.F. Freight Lawsuit is pending, rather than to the Western District of Oklahoma. Doc. 30, Pl.'s Resp. 1. As outlined in greater detail below, the Court agrees that venue is improper in this district and that the first to file rule applies, thus warranting the transfer of this case to the Western District of Oklahoma.[2]

A.  *Current Venue*

According to Plaintiff's complaint, venue in this district is proper under 28 U.S.C. § 1391(b)(1), because Defendant BEK has its principal place of business in Dallas, Texas. Compl. ¶ 7. Defendants object to this assertion, correctly noting that 28 U.S.C. § 1391(b)(1) provides that venue is proper in a district in which any defendant resides only "if all the defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1); Defs.' Mot. 3. Because Defendant Keith Phillips is a resident of Missouri, and not Texas—a fact Plaintiff does not challenge—Section 1391(b)(1) does not provide for venue in this district.

Defendants further note that Plaintiff has presented no allegations indicating that venue is proper in this district under the remaining sections of 28 U.S.C. § 1391(b), as there is nothing to suggest that "a substantial part of the events or omissions giving rise to the claim" occurred in this district or that "a substantial part of property that is the subject of the action is situated" is located in this district. Defs.' Mot. 3 (quoting 28 U.S.C. § 1391(b)(2)); *see* Compl ¶ 7. Moreover, no argument has been made for the application of 28 U.S.C. § 1391(b)(3), which provides that "if there

---

[2] Because the Court decides Defendants' Motion based on the application of the first to file rule, it need not analyze whether transfer is appropriate under 28 U.S.C. § 1404(a).

is no district in which an action may otherwise be brought as provided in this section, [an action may be brought in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3); *see* Defs.' Mot. 3; Compl ¶ 7.

Plaintiff agrees that the case should be transferred from this district, and the Court likewise concludes that the current venue does not fall into any of the three categories set out in 28 U.S.C. § 1391(b). *See* Pl.'s Resp. 1–2. As 28 U.S.C. § 1406(a) provides, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Concluding that the current venue is improper, the Court next considers Defendants' argument that it must transfer the case to the Western District of Oklahoma in accordance with the first to file rule. Defs.' Mot. 4.

B.     *Application of the First to File Rule*

Upon a motion invoking the first to file rule, the Court must decide whether the disputed issues in the first-filed case substantially overlap with the issues in the case before it. *Save Power*, 121 F.3d at 950. As discussed above, "[t]he Fifth Circuit adheres to the general rule that the court in which an action is first-filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed, if at all." *Id.* at 948. The first to file rule is a forward looking doctrine; its application does not require the second-filed court to analyze the other allegations as "such a requirement would actually undercut the values of economy and consistency that the rule is designed to maximize." *Cadle Co.*, 174 F.3d at 604. Accordingly, this Court limits its inquiry to whether there is a likelihood of substantial overlap between the suits. After reviewing Defendants' arguments, and in light of the fact that Plaintiff agrees that the Lasek and TIC Lawsuits

raise issues that substantially overlap, the Court likewise concludes that the two cases present substantially overlapping issues. *See* Pl.'s Resp. 2.

Significantly, the Lasek Lawsuit and the TIC Lawsuit both involve the same central question—whether BEK and Keith Phillips were negligent in the events surrounding the September 14, 2013 accident that occurred near Miami, Oklahoma. Neither the Lasek Lawsuit nor the present TIC Lawsuit can be maintained without reference to the alleged negligent hiring practices of BEK and the alleged negligent driving of Keith Phillips, thus demonstrating that the central issues in the cases are the same. Moreover, the Defendants' litigation of the Lasek and TIC Lawsuits will necessarily include substantially similar—if not identical—evidence to attempt to discredit each negligence claim. Accordingly, the Court concludes that there is substantial overlap between the issues raised in the first-filed Lasek Lawsuit and in the present TIC Lawsuit. *See Wells Fargo Bank, N.A.*, 631 F. Supp. 2d at 848 (holding that substantial overlap existed, warranting a transfer to the first-filed court, when two suits involved the same legal issue, sought the same relief, and involved many of the same parties).

The transfer of this case best serves the interests of judicial economy and avoids needless duplication and rulings that "may trench upon the authority" of the court in the Lasek Lawsuit. *W. Gulf Mar. Ass'n*, 751 F.2d at 728–29. Once the second-filed court finds substantial overlap between the two suits, it is no longer up to the second-filed court to examine the merits or decide whether the cases should go forward. *Cadle Co.*, 174 F.3d at 606.

The Court acknowledges Plaintiff's request that this case be transferred to the Northern District of Oklahoma, where the most recently filed J.F. Freight Lawsuit is pending. *See* Pl.'s Resp. However, the application of the first to file rule requires the transfer of this case to the district of the

first-filed lawsuit, and not to the district where another related lawsuit was subsequently filed. Plaintiff informs the Court that the plaintiff in the Lasek Lawsuit has moved to transfer the lawsuit to the Northern District of Oklahoma, and that a similar motion will likely follow in the present TIC Lawsuit action once it is transferred to the Western District of Oklahoma. However, the transfer of the present action to a district other than the district of the first-filed suit is not a matter for this Court to decide. Indeed, once transferred to the first-filed court, that court is "entitled to determine which forum should hear [the] dispute," and that court may subsequently transfer the suit. *Wells Fargo Bank, N.A.*, 631 F. Supp. 2d at 847.

In sum, because the Court finds substantial overlap between the issues raised in the present lawsuit and in the first-filed Lasek Lawsuit that is pending in the Western District of Oklahoma, this Court concludes that transfer to the Western District of Oklahoma is appropriate and therefore **GRANTS** Defendants' Motion to Transfer Venue.[3]

## IV.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Transfer Venue (doc. 29) is **GRANTED**. The Court therefore **TRANSFERS** this case to the United States District Court for the Western District of Oklahoma.

---

[3] As the Court transfers this case under the first to file rule, it need not consider whether transfer is appropriate under 28 U.S.C. § 1404.

SO ORDERED.

SIGNED: July 15, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE